# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| Yurysant Lopez<br><br>　　Plaintiff,<br><br>v.<br><br>Focus Receivables Management, LLC<br><br>　　Defendant. | Case No.<br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Miami, FL at all times relevant to this action.

2. Defendant is a Georgia limited liability company that maintained its principal place of business in Marietta, GA at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Lexus, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around September 29, 2010, Plaintiff retained an attorney to file bankruptcy.

14. On or around August 18, 2011, Plaintiff telephoned Defendant and left a voice message. During this communication, Plaintiff notified Defendant that Plaintiff had retained an attorney to file bankruptcy and provided Plaintiff's attorney's contact information. Plaintiff also requested that Defendant cease communications with Plaintiff's place of employment. Despite Plaintiff's notice, Defendant telephoned Plaintiff's place of employment again on numerous occasions throughout August, September, and October 2011.

15. On or around October 6, 2011, Defendant's agent or employee, named Cheryl, telephoned Plaintiff's place of employment. During this communication, Cheryl apologized for calling Plaintiff at work and claimed that Cheryl did not possess Plaintiff's home telephone number.

16. Defendant caused Plaintiff emotional distress.

17. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

18. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff as Defendant telephoned Plaintiff's place of employment despite Plaintiff's request for Defendant to cease communications with Plaintiff's place of employment.

19. In support hereof, Plaintiff incorporates paragraph 14-15 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

20. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

21. In support hereof, Plaintiff incorporates paragraphs 14-15 as if specifically stated herein.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

22. Defendant violated 15 U.S.C. §1692c(a)(3) by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that such calls were prohibited by Plaintiff's employer.

23. In support hereof, Plaintiff incorporates paragraphs 14-15 as if specifically stated herein.

## JURY DEMAND

24. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

25. Plaintiff prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey Bankruptcy Law, LLP

By:  /s/ Adela D. Estopinan
   Adela D. Estopinan
   Bar # 25939
   701 SW 27th Avenue, #1209
   Miami, FL 33135
   Telephone: 866-339-1156
   Email: aestopinan@maceybankruptcylaw.com
   Attorneys for Plaintiff